**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**AMANDA POWERS**                                                                                    **PLAINTIFF**

**V.**                                            **CASE NO. 3:06-CV-00079 GTE**

**DELTA BEVERAGE GROUP, INC.**                                        **DEFENDANT/
                                                                                                    THIRD-PARTY PLAINTIFF**

v.

**TOWN AND COUNTRY GROCERS OF
FREDERICKTOWN, MISSOURI, INC.**                          **THIRD-PARTY DEFENDANT**

## ORDER DISMISSING THIRD-PARTY DEFENDANT

Before the Court is a Motion to Dismiss filed Third-Party Defendant Town and Country Grocers of Fredericktown, Missouri, Inc. ("Town and Country"). For cause, Town and Country contends that Arkansas, with the 2003 enactment of the Civil Justice Reform Act, has abolished joint and several liability, and thereby eliminated the right of the Third-Party Plaintiff Delta Beverage Group, Inc. ("Delta") to seek contribution from Town and Country. Delta does not oppose the motion. It does, however, request that the Court recognize that Delta has satisfied the requirements of Ark. Code Ann. § 16-55-202. The Court agrees that it is appropriate to do so.

## FACTUAL BACKGROUND

On May 8, 2006, Plaintiff Amanda Powers sued Defendant Delta, seeking damages for injuries sustained when one or more twelve packs of Pepsi products fell on her in a Price Chopper Store. Plaintiff has never attempted to bring suit against Town and Country, which owns the Price Chopper Store where Plaintiff was injured.

- 1 -

On October 18, 2006, Defendant Delta sought leave to file a third-party complaint to pursue a claim against Price Chopper for indemnification and contribution for failure to maintain the soft drink display which allegedly caused injury to Plaintiff. The motion was granted. Delta filed a third-party complaint on October 31, 2006.

Delta subsequently discovered that a different entity owned the Price Chopper in question. Delta sought and was granted leave to file an amended third-party complaint against the correct owner of Price Chopper. The second amended third-party complaint, naming for the first time Third-Party Defendant Town and Country was filed on April 25, 2007.

## DISCUSSION

Because Delta has conceded that Third-Party Defendant Town and Country is entitled to the requested dismissal, the only issue before this Court is whether Delta should be permitted to attribute fault to Price Chopper at trial. Under the Arkansas Civil Justice Reform Act, "negligence or fault of a nonparty shall be considered . . . if the defendant party gives notice that a nonparty was wholly or partially at fault not later than one hundred twenty (120) days prior to the date of the trial." Ark. Code Ann. § 16-55-202. "The notice shall be given by a pleading in the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing the nonparty to be at fault." *Id*.

Town and Country was named as a party to this action on April 25, 2007. That pleading revealed Delta's theory that Town and Country "failed to use ordinary care in the maintenance of the display of soft drinks and its supervision and maintenance of the store." The Court finds that the Second Amended Third-Party Complaint provides all the information required under the statute to constitute notice pursuant to Ark. Code Ann. § 16-55-202. Additionally, such notice

was provided more than 120 days prior to the trial date of January 7, 2008.  The Court therefore holds that Delta is entitled to present evidence at trial to show that Plaintiff's injuries were caused or contributed to by fault on the part of non-party Town and Country and, if justified by the evidence, to have the jury apportion the fault between Defendant and Town and Country.

## CONCLUSION

IT IS THEREFORE ORDERED THAT Third-Party Defendant Town and Country's Motion to Dismiss (# 39) be, and it is hereby, GRANTED.  Third-Party Plaintiff Delta Beverage Company's Second Amended Third Party Complaint against Town and Country is hereby DISMISSED.  Town and Country shall be terminated as a party to this action.

IT IS FURTHER ORDERED THAT Delta Beverage Group, Inc., has complied with the notice requirements of Ark. Code Ann. § 16-55-202(b) such that it may seek at trial to present evidence for the purpose of having the jury assess the percentage of fault, if any, Town and Country bears for the injuries sustained by Plaintiff.

IT IS SO ORDERED this   11th   day of October, 2007.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE